UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHIRL J. KOBOLD,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

Defendant.

CASE NO.  10cv5589-RJB-JRC

REPORT AND RECOMMENDATION

Noted for June 3, 2011

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976).  This matter has been fully briefed. (See ECF Nos. 12, 17, 18.)

After considering and reviewing the record, the undersigned finds that the ALJ did not evaluate properly the medical evidence -- specifically the opinion of Dr. Elia Gonzalez, M.D. -- and therefore recommends that this matter be reversed and remanded for further consideration by the Administration.

REPORT AND RECOMMENDATION - 1

1

## BACKGROUND

2

Plaintiff SHIRL J. KOBOLD was forty-six on the date she alleges disability onset (Tr.

3

94). From 1997 until 1998 she worked as a substitute for office work at a law firm (Tr. 118).

4

From 1997 until 2005, she worked as an advocate at a women's resource clinic, where she "tried

5

to keep the peace in the shelter, [managed] [c]risis calls and walk ins, [and had responsibility for]

6

Drug patrol and controlling the facility" (id.) She also was involved in completing "[l]ots of

7

paperwork to help the women [] place restraining orders" (id.).

8

## PROCEDURAL HISTORY

9

On July 21, 2008, plaintiff protectively filed an application for Disability Insurance

10

Benefits and Supplemental Security Income benefits, alleging disability from major depression

11

as of September 1, 2005 (Tr. 94-104, 116). It appears that at that time, she was reluctant to

12

provide medical documentation of her mental illness because "[she] d[id] not want anyone to

13

know" about specific details of her mental illness (Tr. 114). She "refused to give all the doctors

14

and hospitals [from which] she has had medical attention" (id.).

15

Her application was denied initially and following reconsideration, and plaintiff

16

requested a hearing (Tr. 49-52, 53-56, 59-62, 65-67). On July 7, 2009, the hearing was held

17

before Administrative Law Judge M. J. Adams (hereinafter "the ALJ") (see Tr. 19-49).

18

Subsequently, on July 31, 2009, the ALJ issued a decision denying claimant's applications (Tr.

19

5-7, 8-19). On June 24, 2010, the Appeals Council denied plaintiff's request for review, making

20

the July 31, 2009 written decision by the ALJ the final decision subject to judicial review (Tr. 1-

21

3). See 20 C.F.R. § 404.981.

22

On August 20, 2010, plaintiff filed a complaint, seeking judicial review of the July 31,

23

2009 decision by the ALJ (ECF No. 1). In her opening brief, plaintiff contends that the ALJ did

24

25

26

REPORT AND RECOMMENDATION - 2

1  not properly evaluate the medical opinion evidence supplied by examining physician, Dr. Elia

2  Gonzalez, M.D. (hereinafter "Dr. Gonzalez"), (see ECF No. 12, pp. 1, 3-6).

3                          STANDARD OF REVIEW

4          Plaintiff bears the burden of proving disability within the meaning of the Social Security

5  Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (citing

6  Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Act defines disability as the

7  "inability to engage in any substantial gainful activity" due to a physical or mental impairment

8  "which can be expected to result in death or which has lasted, or can be expected to last for a

9  continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

10  Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that

11  plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and

12  work experience, engage in any other substantial gainful activity existing in the national

13  economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094,

14  1098-99 (9th Cir. 1999).

15          Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's denial of

16  social security benefits if the ALJ's findings are based on legal error or not supported by

17  substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th

18  Cir. 2005) (citing Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998)). "Substantial evidence" is

19  more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

20  mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747,

21  750 (9th Cir. 1989) (quoting Davis v. Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see

22  Richardson v. Perales, 402 U.S. 389, 401 (1971).

In addition, regardless of whether or not "there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for h[is] decision and [the courts] confine our review to the reasons supplied by the ALJ." <u>Steele v. Barnhart</u>, 290 F.3d 936, 941 (7th Cir. 2002) (*citing* <u>SEC v. Chenery Corp.</u>, 318 U.S. 80, 93-95 (1943); <u>Johnson v. Apfel</u>, 189 F.3d 561, 564 (7th Cir. 1999); <u>Sarchet v. Chater</u>, 78 F.3d 305, 307 (7th Cir. 1996)); <u>see also</u> <u>Griemsmann v. Astrue</u>, 147 Soc. Sec. Rep. Service 286, 2009 U.S. Dist. LEXIS 124952 at *8, (W.D. Wash. 2009) (J. Theiler) (*citing* <u>Blakes v. Barnhart</u>, 331 F.3d 565, 569 (7th Cir. 2003)), *adopted and remanded by* 147 Soc. Sec. Rep. Service 286, 2009 U.S. Dist. LEXIS 98985 (2009) (J. Zilly).

<u>DISCUSSION</u>

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995) (*citing* <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1396 (9th Cir. 1991); <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir. 1990)); <u>see also</u> <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1158-59 (9th Cir. 2001) ("the ALJ erred in failing to meet, either explicitly or implicitly, the standard of clear and convincing reasons required to reject an uncontradicted opinion of an examining psychologist") (*citing* <u>Lester</u>, <u>supra</u>, 81 F.3d at 830). Even if a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."  <u>Lester</u>, <u>supra</u>, 81 F.3d at 830-31 (*citing* <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995)).

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician."  <u>Lester</u>, <u>supra</u>, 81 F.3d at 830 (citations omitted); <u>see also</u> 20 C.F.R. § 404.1527(d).  "In order to discount the opinion of an examining physician in favor of the opinion

of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are supported by substantial evidence in the record." Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831).

Dr. Gonzalez examined plaintiff on September 21, 2008 (Tr. 169-72). Dr. Gonzalez noted plaintiff's subjective complaints of recent resumption of arm cutting, worsening depression, tendency to work at night to avoid "gossip", difficulty relating to others, history of being fired, decreased energy, no appetite, including that she had not eaten in two days, poor sleep and thoughts about hurting herself (Tr. 169).

Dr. Gonzalez conducted a Mental Status Examination, and objectively observed that plaintiff was irritable, demonstrated resistance to questioning, and made provocative statements (Tr. 171, 170-172). Dr. Gonzalez also observed plaintiff's slow speech and monotone, as well as her affect congruent with depressed mood (Tr. 171).

Dr. Gonzalez diagnosed plaintiff with major depressive disorder, recurrent, moderate; eating disorder NOS (not otherwise specified) and borderline personality traits, and rated her Global Assessment of Functioning ("GAF") at 40 (Tr. 172). Dr. Gonzalez's final functional assessment/medical source statement was that "[a]t this time, I do not believe that [plaintiff] can maintain regular attendance in the workplace given her significant psychiatric symptoms" (id.).

In his written decision, the ALJ included a discussion of plaintiff's "consultative examination with psychiatrist Dr. Gonzalez" (Tr. 15-16). The ALJ noted some of plaintiff's subjective symptoms and complaints, as well as noting Dr. Gonzalez' multiple diagnoses and assignment of a GAF of 40 (id.). The ALJ included Dr. Gonzalez' final functional assessment/medical source statement, however, decided to reject it (Tr. 16). The reasons given by the ALJ in support of his rejection of Dr. Gonzalez' opinion that plaintiff was not capable of "maintain[ing]

1    regular attendance in the workplace given her significant psychiatric symptoms" included the

2    following:

3            This is inconsistent with the rest of Dr. Gonzalez's assessment and does not
             identify the basis for such a conclusion. As such [it] is rejected. Additionally,
4            the GAF assessment of 40 is inconsistent with the examination-Dr. Gonzalez
             did not identify anything to support a finding that [plaintiff] had impairments
5            in reality testing or communication or any "major" impairments.

6

7    (Tr. 16).

8           The Court notes that the basis for Dr. Gonzalez' opinion that plaintiff was not capable of

9    "maintain[ing] regular attendance in the workplace" was plaintiff's "significant psychiatric

10   symptoms" (see Tr. 172). Furthermore, the opinion by Dr. Gonzalez that plaintiff was not

11   capable of maintaining appropriate attendance is consistent with the rest of Dr. Gonzalez'

12   assessment, as demonstrated by the Court's summary of this assessment, see supra, p. 5. The

13   Court also concludes that an assignment of a GAF of 40 is consistent with the rest of the opinion

14   by Dr. Gonzalez. Finally, although the ALJ concludes that "Dr. Gonzalez did not identify

15   anything to support a finding that [plaintiff] had impairments" which were sufficiently "major,"

16   this conclusion is not supported by substantial evidence in the record as a whole, a fact

17   demonstrated by the Court's review of the report by Dr. Gonzalez above, see supra p. 5. For

18   these reasons, the Court concludes that the ALJ did not provide legitimate reasons to reject the

19   opinion by Dr. Gonzalez regarding plaintiff's inability to "maintain regular attendance in the

20   workplace[1]" (see Tr. 16, 172). See Lester, supra, 81 F.3d at 830-31; see also Steele, supra, 290

21   F.3d at 941.

---

[1] The Court also notes that this opinion by Dr. Gonzalez is consistent with the findings by the state agency reviewing (non-physician) consultants that plaintiff was "moderately limited" in her ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances," as well as in her ability to "complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," although inconsistent with their ultimate conclusions (Tr. 188-89; see also Tr. 190-192).

REPORT AND RECOMMENDATION - 6

The Court also notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The Mental Status Examination allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993).

The Mental Status Examination generally is conducted by a medical professional skilled and experienced in psychology and mental health. Although "anyone can have a conversation with a patient, [] appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status examination'." Trzepacz, supra, The Psychiatric Mental Status Examination 3. A mental health professional is trained to observe patients for signs of their mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality" (id. at 4), and, in part, because it is not uncommon for a person suffering from a mental illness to be unaware that her "condition reflects a potentially serious mental illness." Van Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996).

When an ALJ seeks to discredit a medical opinion, he must explain why his own interpretations, rather than those of the doctors, are correct. Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). Here, trained psychiatrist Dr. Gonzalez opined that plaintiff's subjective symptoms, including recent resumption of arm cutting, worsening depression, tendency to work at night to avoid "gossip", difficulty relating to others, history of being fired, decreased energy, no appetite, poor sleep and thoughts about hurting herself, (Tr. 169), as well as her objectively observed irritability, demonstrated resistance to questioning, use of provocative statements, slow speech and monotone, and her affect congruent with depressed mood (Tr. 171), among other

things, demonstrated that she was not capable of "maintain[ing] regular attendance in the workplace" (id.). The ALJ did not explain adequately why his own interpretations are correct, over this opinion by Dr. Gonzalez, trained psychiatrist. See Reddick, supra, 157 F.3d at 725.

For all of the aforesaid reasons, the Court concludes that the ALJ did not evaluate properly the medical evidence.

<u>CONCLUSION</u>

Because the ALJ failed to evaluate properly the medical evidence, the undersigned recommends that this matter be REVERSED and REMANDED for further consideration by the Administration. Following remand of this matter, the ALJ should reevaluate the medical evidence and should begin the sequential disability evaluation at step two.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 3**,** 2011, as noted in the caption.

Dated this 11th day of May, 2011.


J. Richard Creatura
United States Magistrate Judge